UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROYAL MINT COMPANY, INC., a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>DOW AGROSCIENCES, LLC, a Delaware limited liability company,<br><br>    Defendant. | NO. 2:14-CV-00233-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |

Before the Court is Defendant's Motion for Partial Judgment on the Pleadings Relating to Plaintiff's Implied Warranty Claim. ECF No. 20. Plaintiff presents several claims in the Amended Complaint, ECF No. 11, including claims under the Washington Consumer Protection Act, Washington Product Liability Act, breach of express warranty, breach of implied warranty of fitness for a particular purpose, and negligent misrepresentation. Defendant moves under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings only as to Plaintiff's claim for breach of implied warranty of fitness for a particular purpose. The motion was heard without oral argument.

<u>Legal Standard</u>

A motion for judgment on the pleadings under Rule 12(c) is functionally identical to a motion to dismiss under Rule 12(b). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). As such, ordinary liberal pleading

standards apply and a plaintiff need only plead sufficient facts, if taken as true, to allow the Court to draw reasonable inferences that a plausible ground for relief exists. *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## Analysis

A claim for breach of implied warranty of fitness for a particular purpose requires three elements to be pleaded sufficiently: (1) the seller had reason to know of the buyer's particular purpose; (2) the seller had reason to know the buyer was relying on the seller's skill or judgment in furnishing appropriate goods for the buyer's particular purpose; and (3) the buyer relied on the seller's skill or judgment. RCW 62A.2-315; *Superwood Co. Ltd. v. Slam Brands, Inc.*, 2013 WL 6008489 *15 (W.D. Wash. 2013).

In this case, Plaintiff has pleaded facts sufficient to give rise to a plausible claim based for breach of implied warranty of fitness for a particular purpose—barely. First, Plaintiff alleges in its complaint that a fieldman called Defendant's representative and indicated Plaintiff was considering using Defendant's product to control salsify, a weed, in Plaintiff's mint crops, satisfying the first element of the claim. Second, Plaintiff alleges the fieldman inquired if the product would be good for the purpose of controlling salsify in mint, satisfying the second element of the claim. Third, Plaintiff alleges it then purchased the product and had it applied to its mint fields as result of assurances by Defendant's representative, satisfying the final element of a claim for breach of implied warranty of fitness for a particular purpose.

Defendant asserts two reasons why it believes Plaintiff's claim for breach of implied warranty of fitness fail as a matter of law. Defendant alleges that the product was used for its ordinary purpose—as purported on its label—and not any particular purpose. Defendant has failed to point to any case law interpreting Washington's implied warranty of fitness for a particular purpose in a manner that

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** ~ 2

1. would render Plaintiff's claim inadequate as a matter of law. Additionally, such a
2. decision is not well-suited to this stage of litigation. It has not yet been determined
3. what the "ordinary purpose" for the product is, or with what degree of specificity
4. of use Defendant's representative indicated the product was appropriate for.
5. Defendant urges the Court to consider a label for the product which it provided to
6. determine the ordinary purpose of the product. This is problematic for at least two
7. reasons. First, the Defendant provides this label and it is not clear if the label is
8. identical to the one that Plaintiff would have received with the product at the time
9. in question. If the Plaintiff were the movant, the Court could accept Defendant's
10. declaration and exhibit as true for purposes of the motion. Here, however,
11. Defendant is the movant and Plaintiff has not—nor could it be expected to at this
12. stage—produce the label it received with the product, if any such label existed.
13. Second, the label instructions are divided into three geographic categories with
14. extensive application notes for each. The category including Washington lists
15. thirty-four types of crops the product can be applied to. The label indicates sixty-
16. three species of weeds the product is intended for. Ignoring geographical
17. differences, the possibility of application to control a combination of more than
18. one species of weed in a crop, and any potential sub-species of crops, the possible
19. label uses of the product exceeds 2000. It is far from clear which, or how many, of
20. these applications should be considered the "ordinary use" for the product. The
21. Court is not deciding at this time that Plaintiff's use was particular, or was not
22. ordinary, but instead, the Court declines to draw all the necessary inferences in
23. favor of the Defendant that it would need to succeed at this stage. Additionally,
24. the Court declines to make an unnecessary determination as to what Washington
25. state law is regarding warranties of particular purposes vis a vis ordinary purposes
26. when it is unclear if such a determination would be dispositive for this claim at
27. this juncture.
28. 

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS** ~ 3

Next, Defendant claims that Plaintiff did not sufficiently plead privity. Plaintiff did, however, allege it "ordered" and "purchase[d]" the product. This language allows the Court to reasonably draw the inference that there exists privity—either direct vertical privity, or third-party beneficiary status through a chain of distribution. This is not a case like *Thongchoom v. Graco Children's Prods.*, where the product in question had been gifted to, rather than purchased by, the plaintiff. 117 Wn. App. 299 (2003). Plaintiff has not proven privity, but instead, has simply pleaded sufficient facts to support a plausible finding of the privity necessary to sustain a claim for breach of implied warranty of fitness for a particular purpose.

## Conclusion

Plaintiff's amended complaint pleads the bare minimum necessary to survive Defendant's Rule 12(c) motion for judgment on the pleadings with regard to Plaintiff's claim of breach of implied warranty for a particular purpose. Therefore, Defendant's motion, ECF No. 20, is denied.

Accordingly, **IT IS HEREBY ORDERED:**

Defendant's Motion for Partial Judgment on the Pleadings Relating to Plaintiff's Implied Warranty Claim, ECF No. 20, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 15 day of January 2015.



Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS ~ 4**