UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROYAL MINT COMPANY, INC., a Washington corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>DOW AGROSCIENCES, LLC, a Delaware limited liability company,<br><br>  Defendant. | NO. 2:14-CV-00233-SAB<br><br>**ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER** |

Before the Court is parties' Stipulated Motion for Entry of Stipulated Protective Order Regarding Confidential Information. ECF No. 26. The parties seek a protective order "to ensure the confidentiality of proprietary business information, personal information and other information of a sensitive and/or private nature that has been or may be requested in discovery." This motion was heard without oral argument.

The product of pretrial discovery is presumptively public, although Federal Rule of Civil Procedure Rule 26(c) permits a district court to override this presumption upon a showing of "good cause." *San Jose Mercury News, Inc. v. U.S. District Court—Northern Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Prior to the grant of a protective order, the moving party must

**ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER** ~ 1

certify it has "conferred or attempted to confer with other affected parties in an effort to resolve the dispute *without court action*." Fed. R. Civ. P. 26(c) (emphasis added).

Where the parties agree, as here, that certain information should remain confidential, it may be prudent to enter into an agreement setting forth in writing what information shall remain private. It is unnecessary, however, for such an agreement to have this Court's imprimatur. A Court issued protective order is less necessary since Rule 5(d) was amended to only require filing discovery material actually used in support of an action. Because not all discovery material need be filed, most discovery material is not readily accessible to the public. Therefore, the primary concern regarding confidential materials is how the parties themselves handle such material. This Court will not hesitate to issue a protective order when it is necessary, however, the moving party or parties must demonstrate good cause exists and bears the "burden of showing specific prejudice or harm" that will result if no protective order is granted. *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). In other words, the moving party must demonstrate why the parties cannot resolve the issue without court action—a standard that will generally not be met when the parties agree to the terms of a proposed protective order.

The motion at hand fails to demonstrate specific harm or prejudice that will result if no protective order is granted. Additionally, the parties appear to be in agreement on what material is appropriate for discovery and how it should be handled. Accordingly, the Court denies the stipulated motion for protective order.

The proposed protective order also contained instructions for filing certain materials under seal. A higher standard applies to sealing orders as they relate to discovery materials in support of dispositive motions. In order for a court to seal records associated with a dispositive motion, it must base its decision on a compelling reason tied to an articulated factual basis without relying on

**ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER** ~ 2

1  conjecture. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.
2  2003). The compelling basis standard is more stringent than the Rule 26(c) good
3  cause standard. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir.
4  2009). Because the parties have failed to demonstrate that even good cause exists
5  to support this motion, they have also failed to provide a compelling basis for
6  sealing any records that may be filed in support of any dispositive motions.

7        The Court encourages the parties to continue cooperating with respect to the
8  handling of potentially sensitive discovery material. The parties may, upon proper
9  showing tied to specific discovery material, move the Court to seal certain
10 discovery filings.

11       Accordingly, **IT IS HEREBY ORDERED:**

12       Stipulated Motion for Entry of Stipulated Protective Order Regarding
13 Confidential Information, ECF No. 26, is **DENIED**.

14       **IT IS SO ORDERED.** The District Court Executive is hereby directed to
15 file this Order and provide copies to counsel.

16       **DATED** this 28th day of January 2015.



                    Stanley A. Bastian
                United States District Judge

**ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER** ~ 3